Case 4:14-cv-01601   Document 32   Filed in TXSD on 06/16/16   Page 1 of 7

United States District Court
Southern District of Texas

**ENTERED**
June 16, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY LEE WALLS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1601 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on petitioner Terry Lee Walls' petition for a writ of habeas corpus and respondent Lorie Davis' motion for summary judgment. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted, and Walls' petition should be dismissed.

### I.  Background

Walls was convicted following a jury trial in the 178th District Court of Harris County, Texas of possession of more than four but less than 200 grams of a controlled substance (cocaine). Walls waived his right to be sentenced by the jury and pleaded true to two enhancement paragraphs alleging prior felony convictions. The trial court sentenced Walls to 25 years imprisonment. SH-44 (Doc. # 21-15) at 108-09.

Texas' Fourteenth Court of Appeals affirmed Walls' conviction. *Walls v. State*, No. 14-04-00895-CR, 2006 WL 89513 (Tex. App.–Houston [14th Dist.] Jan. 17, 2006, pet ref'd). The Texas Court of Criminal Appeals ("TCCA") refused Walls' petition for discretionary review.

Walls was subsequently released on parole. In 2010, he was convicted of aggravated robbery with a deadly weapon, his parole was revoked, and he was sentenced to 15 years

imprisonment on the robbery charge. SH-44 (Doc. # 21-15) at 36-37. As a result of the parole revocation, Walls forfeited one year, three months, and 14 days of street-time credit. *Id.* at 36.

Walls filed two state habeas corpus applications concerning the possession conviction. The TCCA denied the first application without written order on February 19, 2014. SH-44 (Doc. # 21-14) at Action Taken page. The TCCA dismissed Walls' second application as successive on April 2, 2014. SH-45 (Doc. # 21-16) at Action Taken page.

Walls filed this federal petition for a writ of habeas corpus on May 5, 2014. He subsequently filed several supporting briefs and affidavits. Respondent moved for summary judgment on February 24, 2016. Walls responded on March 8, 2016, and filed amended objections on April 29, 2016.

## II.   The Applicable Legal Standards

### A.   The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant federal habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established

[Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003). The solitary inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court

decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254 (d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The State court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997).

### B. The Standard for Summary Judgment in Habeas Corpus Cases

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Insofar as they are consistent with established habeas practice and procedure, the Federal Rules of Civil Procedure apply to habeas cases. *See* Rule 11 of the Rules Governing Section 2254 Cases. In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). Where a state prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, however, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Dowthitt v. Johnson*,

230 F.3d 733, 741 (5th Cir. 2000); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997). Consequently, where facts have been determined by the Texas state courts, this Court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

### III.    Analysis

Walls contends that the State breached a plea agreement pursuant to which Walls waived his right to be sentenced by a jury in exchange for the possession sentence being non-aggravated, and Walls being eligible for parole review and release to mandatory supervision. Respondent points out, however, that Walls was, in fact, paroled from the possession sentence, but was subsequently convicted on an aggravated robbery charge. While his 15 year sentence on the latter charge is concurrent to the possession sentence, Walls is ineligible for release to mandatory supervision while serving a sentence for aggravated robbery, TEX. GOV'T CODE § 508.149(a)(12), and is ineligible for parole until he has served half of his sentence on the robbery conviction, TEX. GOV'T CODE § 508.145(d)(2). Walls began serving his robbery sentence on September 15, 2009, making his earliest possible parole eligibility date March 16, 2017. Because Walls' subsequent conviction for aggravated robbery prevents his release to mandatory supervision, and bars his release on parole until his "actual calendar time served, without consideration of good conduct time, equals one-half of the sentence," *id.*, he is not eligible for mandatory supervision or parole review at this time. Accordingly, the petition must be denied.

### IV.    Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted, and Walls' petition is dismissed with prejudice.

V.      **Certificate of Appealability**

Walls has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253© is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Walls' petition and concludes that Walls fails to make a substantial showing of the denial of a constitutional right. The court concludes that jurists of reason would not find this Court's ruling debatable. This Court concludes that Walls is not entitled to a certificate of appealability.

## VI. Order

For the foregoing reasons, it is ORDERED as follows:

1. Respondent Lorie Davis' motion for summary judgment (Dkt. No. 26) is GRANTED;

2. Petitioner Terry Lee Walls' petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED WITH PREJUDICE;

3. All other pending motions are DENIED AS MOOT; and

4. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 16th day of June, 2016.

_____
Kenneth M. Hoyt
United States District Judge